UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

MICKEY THROWER,          CASE NO.:

      Plaintiff,

vs.

PREMIER DOCKS AND
DOORS CO., A GEORGIA
CORPORATION, D/B/A
PREMIER INDUSTRIES,
AND QUICNY RANDOLPH,
INDIVIDUALLY,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICKEY THROWER, by and through the undersigned attorney, sues the Defendants, PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES, and QUINCY RANDOLPH, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all

other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants from approximately June 2016 to July 2021.

3. Plaintiff worked for Defendants as a service technician assisting in installing products and service calls.

4. At all times, Plaintiff was paid by the hour by Defendants.

5. Defendant, PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES, performs door installation throughout Georgia. *See* https://premierindcorp.com/.

6. Defendant's headquarters and principal place of business is in Peachtree City, Georgia, and within the jurisdiction of this Court.

7. At all times relevant to this action, QUINCY RANDOLPH was an individual resident of the State of Georgia, who owned and operated PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work

schedules for the employees; and (c) control the finances and operations of PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES.  By virtue of having regularly exercised that authority on behalf of PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES, QUINCY RANDOLPH is an employer as defined by 29 U.S.C. § 201, et seq.

8. This action is brought under the FLSA to recover from Defendants unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant, PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES, earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendants, Defendant, PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES, employed two or more employees which

handled goods, materials and supplies which had travelled in interstate commerce, including computers, vehicles, office equipment, telephones, doors, supplies, and other items.

11. Defendant, PREMIER DOCKS AND DOORS CO., a Georgia Corporation, d/b/a PREMIER INDUSTRIES was an enterprise under the FLSA.

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendants have failed to comply with the FLSA by failing to pay Plaintiff complete overtime compensation.

13. During his employment with Defendants, Plaintiff routinely worked overtime hours but was not always paid for all hours worked.

14. At the end of each work week, Plaintiff would text Defendants his hours worked, and would then receive a paycheck the following work week for his pay.

15. As an example, for the week of May 24, 2021 to May 30, 2021, Plaintiff texted Defendants that he had worked 53.5 hours.

16. However, on his paycheck, for that same week, Plaintiff was only paid for 40 hours, and <u>zero</u> overtime hours.

17. During his employment, Plaintiff was typically not paid for all overtime hours he worked.

18. Defendants have violated the FLSA by failing to pay Plaintiff time and one-half of his hourly rate for all overtime hours worked.

19. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendants.

## COUNT I – RECOVERY OF OVERTIME WAGES

20. Plaintiff reincorporates and readopts all allegations contained in paragraphs (1) through (19) above.

21. Plaintiff was entitled to be paid overtime compensation for overtime hours worked.

22. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half of his hourly rate for all overtime hours worked.

23. Defendants did not have a good faith basis for their decision to not pay Plaintiff complete and proper overtime compensation for all overtime hours worked.

24. Because of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff proper compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. Because of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MICKEY THROWER, demands judgment against Defendants for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 2nd day of August, 2021.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: RMorgan@forthepeople.com
*Attorneys for Plaintiff*