UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

**MICKEY THROWER,**           CASE NO.: 3:21-CV-00125-TCB

      **Plaintiff,**

vs.

**PREMIER DOCKS AND
DOORS CO., A GEORGIA
CORPORATION, D/B/A
PREMIER INDUSTRIES,
AND QUICNY RANDOLPH,
INDIVIDUALLY,**

      **Defendant.**
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
PURSUANT TO THE FAIR LABOR STANDARDS ACT**

Mickey Thrower ("Thrower" or "Plaintiff") and Premier Docks and Doors Co., a Georgia Corporation, D/B/A Premier Industries, and Quincy Randolph, Individually, ("Defendants"), hereby jointly move the Court to approve the settlement of the above-styled action (the "Lawsuit"). In support of this Motion, the parties show the Court as follows:

**I.    BACKGROUND AND SETTLEMENT TERMS**

1

This is an action filed by Thrower under the Fair Labor Standards Act ("FLSA") related to his employment with Defendants. In the Lawsuit, Thrower contends that he was not properly paid overtime wages for all hours worked over 40 in a workweek, and that he would not receive compensation for all hours reported to Defendants. Thrower alleges this violates the FLSA, and that he is owed additional overtime wages, liquidated damages and attorneys' fees and costs of litigation.

Defendants deny that they failed to properly pay Thrower for all overtime hours worked and specifically allege that Thrower did in fact get paid one and one-half times his hourly rate for all proper overtime hours worked, and that the Parties had come to an agreement on certain non-compensable travel time.

The Parties have worked to resolve this case without protracted litigation, and notwithstanding their respective positions, they have concluded that it is in both Parties' best interests to compromise and settle their disputes in order to avoid the expense and inconvenience of further proceedings. As part of the settlement, the Parties have entered into a Settlement Agreement, a copy of which is attached hereto as Exhibit A, in which Defendants deny all liability but agree to pay Thrower certain monies in order to finally resolve the Lawsuit. The Parties further

agree that Defendants will pay certain reasonable attorneys' fees and costs to Thrower's attorneys.

In arriving at the settlement amount, the Parties examined time sheets, text messages and pay records. The Parties also considered other factors which they believed would bear on the ultimate determination of Plaintiff's claims, including, but not limited to, whether a willful violation occurred which would entitle Thrower to a third year of damages, or whether liquidated damages are appropriate. According to Thrower, if he were to prevail on his claim for overtime compensation, for a full three year statute of limitations (if Thrower could prove a willful violation), then he would be owed $25,335.01 in overtime compensation, and potential liquidated damages. If Thrower is entitled to two years of damages, he would be owed $19,905.93 in overtime compensation, and potential liquidated damages.

As discussed above, Defendants deny any liability and claim that any uncompensated time performed by Thrower was non-compensable drive time under the Portal-to-Portal Act, 29 U.S.C. § 254. *See also* 29 C.F.R. § 785.35 (holding that normal travel from home to a worksite is generally not work time). Defendants also contend that the FLSA allows an employer and employee to negotiate and agree to a reasonable amount of time in which travel outside the

normal community may be compensable (while normal commute time is not compensable). *See* WHD Opinion Letter, April 12, 2018.  In response, Plaintiff contends all his travel was carrying tools or other employees which would count as compensable time under the FLSA. *See* 29 C.F.R. § 785.38.

Over several weeks, the Parties negotiated, exchanging several settlement offers to resolve.  Eventually, the Parties agreed to resolve Plaintiff's claim for $20,000 in total damages to Plaintiff (to be split between wages W-2 income and 1099 non-wage income) and $10,000 in attorneys' fees and costs to be paid separately. Based on the foregoing description of the bona fide disputes which existed between them, the Parties, through their respective counsel, jointly represent to the Court that the terms of the Settlement Agreement are fair and reasonable under the facts and circumstances of this case, and that Plaintiff will receive fair and just compensation for all monies to which he is or could claim to be entitled under the FLSA, including overtime compensation, liquidated damages, interest, and attorney fees.

Plaintiff agreed to compromise on his claim in part due to Defendants' asserted defenses on liability, while Defendants also compromised by agreeing to pay Plaintiff the amount agreed to for overtime, <u>plus</u> liquidated damages (a major compromise).  The Parties therefore submit the Settlement Agreement to the Court

and request that following its review of the same that the Court approves the terms of the Settlement Agreement and dismiss this Action.

## II. FLSA SETTLEMENTS

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA or a collective action by multiple employees to recover against an employer as outlined in § 216(b) of the FLSA, employees may settle and release FLSA claims against an employer if the Court reviews and approves the fairness of the settlement. *Id*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

Here, for the reasons described above, Plaintiff and Defendants agree that the settlement reached here is a fair and reasonable compromise of disputed FLSA issues and provides substantial relief for Plaintiff and pays his attorneys fees and costs separately from the amount he is to receive. The Parties agree no reasons exist to deny this Motion and request the Court find the settlement fair and reasonable.

WHEREFORE, the Parties respectfully request the Court enter an Order finding that the Parties' Settlement Agreement is fair and reasonable and is approved and that this Action be dismissed with prejudice.

Respectfully submitted this 20th day of October 2021 by:

| **/s/ C. RYAN MORGAN**<br>C. Ryan Morgan, Esquire<br>Georgia Bar.: 711884<br>Morgan & Morgan, P.A.<br>20 N. Orange Avenue, 15th Floor<br>Orlando, FL 32801<br>T: (407) 420-1414<br>E-mail:  RMorgan@forthepeople.com<br>***Attorney for Plaintiff*** | **/s/ Patrick W. McKee**<br>Patrick W. McKee, Esq.<br>Georgia Bar: 494325<br>Law Office of Patrick W. McKee, LLC<br>19 Spring Street<br>Newnan, GA 30263<br>P: 770-683-8900<br>E: pwmckee@mckeelaw.com<br>***Attorney for Defendants*** |
|---|---|

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

**MICKEY THROWER,**               **CASE NO.: 3:21-CV-00125-TCB**

      **Plaintiff,**

vs.

**PREMIER DOCKS AND**
**DOORS CO., A GEORGIA**
**CORPORATION, D/B/A**
**PREMIER INDUSTRIES,**
**AND QUICNY RANDOLPH,**
**INDIVIDUALLY,**
      **Defendant.**
_____/

**CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendants hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14-point font) in accordance with Local Rule 5.1B.

So certified this 20th day of October 2021.

                                                  **/s/ C. RYAN MORGAN**
                                                  C. Ryan Morgan, Esquire
                                                  Georgia Bar.: 711884
                                                  Morgan & Morgan, P.A.
                                                  20 N. Orange Avenue, 15th Floor
                                                  Orlando, FL 32801
                                                  T: (407) 420-1414

E: <u>RMorgan@forthepeople.com</u>
***Attorney for Plaintiff***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

**MICKEY THROWER,**                    **CASE NO.:  3:21-CV-00125-TCB**

      **Plaintiff,**

**vs.**

**PREMIER DOCKS AND
DOORS CO., A GEORGIA
CORPORATION, D/B/A
PREMIER INDUSTRIES,
AND QUICNY RANDOLPH,
INDIVIDUALLY,**
      **Defendant.**
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the attorneys of record:

On this 20th day of October 2021.

                                              */s/ C. RYAN MORGAN*
                                              C. Ryan Morgan, Esquire
                                              Georgia Bar.: 711884
                                              Morgan & Morgan, P.A.
                                              20 N. Orange Avenue, 15th Floor
                                              Orlando, FL 32801
                                              T: (407) 420-1414

E: RMorgan@forthepeople.com
***Attorney for Plaintiff***

11